# Scranton Flour & Grain Company, Appellant, *v.* Kearney.

*Party walls—Agreement to contribute to cost—Construction of agreement.*

A party wall was built under an agreement that if at any time after the wall was erected, the one party should desire to make use thereof by joining to it or building into it or in any other way, except by the use of the natural support to the roof of his building which would occur upon the completion of the wall, he should contribute one-half of the total cost.

In an action to compel such contribution there was no proof that the defendant had joined to the wall, built into it or made any further use of it than he had at its completion.

*Held:* that as he did not make any other use of the wall he was under no obligation to pay one-half the cost of it, and judgment was properly entered for the defendant.

Argued March 4, 1925.   Appeal, No. 32, Feb. T., 1925, by plaintiff, from judgment of C. P. Lackawanna Co., Nov. T., 1921, No. 518, in the case of Scranton Flour & Grain Company v. James Kearney.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to compel contribution to the costs of a party wall.   Before EDWARDS, J.

The facts are stated in the opinion of the Superior Court.

The case was referred to R. W. Archbald, Esq., as referee, who found in favor of the defendant.

On exceptions to the referee's report the court dismissed the exceptions and entered judgment in favor of the defendant.   Plaintiff appealed.

SCRANTON FLOUR & G. CO., Appel., *v.* KEARNEY. 301

300, (1925).]        Opinion of the Court.

*Errors assigned* were in dismissing exceptions to the referee's report and the judgment of the court.

*A. A. Vosburg,* and with him *James Gardner Sanderson,* for appellant.

*William J. Fitzgerald,* for appellee.

OPINION BY TREXLER, J., April 28, 1925:

The plaintiff and the defendant each bought a part of what had formerly been a foundry, which consisted of a large structure, with no partition wall between the portions purchased by them respectively. They entered into a written agreement in which the reason for the agreement is stated that the Scranton Flour and Grain Company desired to erect a party wall between the said premises, one-half on its land and one-half on the land of Kearney. Under the agreement the Scranton Flour and Grain Company assumed the erection of the wall which was not to exceed the sum of $2,388.20. The present suit is brought for the recovery of one-half of that amount and the basis of recovery, if any, must be found in the clause of the agreement, which reads as follows: "Second: That if at any time in the future after the said wall has been erected, he shall desire to make any use thereof by joining to it or building into it or in any other way, except by the use of the natural support to the roof of his building which will occur upon the completion of the wall, he shall before making such use pay to the Scranton Flour & Grain Company the sum of $1,194.10, being one-half of the total cost of the wall." Plaintiff's statement declares that after the agreement was entered into: "Thereafter the defendant used the wall as part of his building, for the security of its contents, for protection against the elements, for a safeguard against fire, and received therefrom all of the benefits and advantages which its presence naturally afforded." The matter was referred to a referee under

the Act of April 6, 1869, P. L. 725, and its supplements, and he found against the plaintiff.   We agree with the conclusion reached by him and the learned judge of the court below who approved his report.   The use of the wall for which the defendant engaged to pay was future and had no relation to the condition of the parties at the instant when the wall was completed.   The clause states, "if at any time in the future after the said wall has been erected, the defendant shall desire to make any use thereof by joining......into it or any other way except by the use of the natural support to the roof of his building," he shall pay for half of it.   The facts do not disclose that the defendant joined to the wall, built into it and the phrase "or in any other way" must refer to some other act of like nature.   It is evident that the defendant made no other or further use of the wall than he had at its completion and for that use which consisted in the support of his roof and the closing-in of his room, he was not required to pay under the provisions of the contract. Thereafter as long as he remained passive in the matter, no liability attached.   As long as he did not make any other use of the wall he was under no obligation to pay for half of it.

The judgment is affirmed.